# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| **JESSIE LEE CARSON, JR.,** : | |
| Petitioner, : | |
| VS. : | **CIVIL ACTION NO. 1:11-CV-075 (WLS)** |
| **STATE OF GEORGIA,** : | |
| Respondent. : | |

## RECOMMENDATION

Petitioner **JESSIE LEE CARSON, JR.**, has filed a petition for writ of habeas corpus under 28 U.S.C. §2254 and has paid the filing fee. It is unclear from the Petition, however, whether Petitioner has been released from confinement, is presently incarcerated, or is on probation or parole. Petitioner likewise indicates that he did not exhaust available state judicial remedies prior to filing the present Petition for federal habeas corpus relief. Accordingly, on June 20, 2011, Petitioner was ordered to file a supplement to his Petition providing information about his current status of confinement or sentence and any direct appeal or state habeas corpus action previously filed. Petitioner was given fourteen days from the date of that Order to respond. That time has now expired, and Petitioner has not filed any response or supplement with the Court.

Because it appears that Petitioner may not presently be "in custody pursuant to the judgment of a State court" and that Petitioner failed to exhaust available state judicial remedies prior to seeking federal habeas corpus relief, it is hereby **RECOMMENDED** that the instant Petition for Writ of Habeas Corpus [Doc. 1] be **DISMISSED**. See 28 U.S.C. § 2254; Unger v. Moore, 258 F.3d 1260, 1263 (11th Cir. 2001); Picard v. Connor, 404 U.S. 270, 275 (1971). If Petitioner is in fact "in custody pursuant to the judgment of a State court" (i.e., presently incarcerated, on probation, or on parole), this dismissal shall be without prejudice to the right of Petitioner to re-file once he has afforded the state courts an opportunity to review his grounds for relief. If, on the other hand,

Petitioner is not presently in custody pursuant to the judgment of a State court, this Court is without jurisdiction to consider his habeas petition. Unger, 258 F.3d at 1263.

SO ORDERED, this 12th day of July, 2011.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr